|   |   |
|---|---|
|   | Honorable Samuel J. Steiner |
|   | Chapter 7 |

UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT
OF WASHINGTON AT SEATTLE

In re                                               )
                                                    ) Case No.   09-22859-SJS
SHAHRAM GILANDOOST,                                 )
                                                    )
    Debtor.                         )
_____                 )
                                                    ) Adv. Pro. No.  10-01185-SJS
SHAHRAM GILANDOOST,                                 )
                                                    )
    Plaintiff,                      ) FIRST AMENDED ANSWER AND
                                                    ) COUNTERCLAIMS OF EDUCATIONAL
    v.                              ) CREDIT MANAGEMENT CORPORATION
                                                    )
SALLIE MAE, INC. and/or its successors and          )
assigns, NORTHWEST EDUCATION LOAN                   )
ASSOCIATION and/or its successors and               )
assigns, and DEPARTMENT OF                          )
EDUCATION and/or its successors and                 )
assigns, and EDUCATIONAL CREDIT                     )
MANAGEMENT CORPORATION,                             )
                                                    )
    Defendants.                     )
_____                 )

      Educational Credit Management Corporation ("ECMC"), as a substituted party, hereby submits its first amended answer to the amended complaint filed by Shahram Gilandoost ("Gilandoost" or "Plaintiff") to determine dischargeability of educational loan debts (the "Complaint") and counterclaims as follows:

FIRST AMENDED ANSWER AND
COUNTERCLAIMS OF ECMC - 1
#769683 v1 / 32859-227

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

## I. JURISDICTION, VENUE AND PARTIES

1.1 ECMC admits the allegations set forth in paragraph 1.1 of the Complaint.

1.2 ECMC admits the allegations set forth in paragraph 1.2 of the Complaint.

1.3 ECMC admits the allegations set forth in paragraph 1.3 of the Complaint.

1.4 ECMC admits the allegations set forth in paragraph 1.4 of the Complaint.

## II. PARTIES

2.1 ECMC admits the allegations set forth in paragraph 2.1 of the Complaint.

2.2 ECMC admits the allegations set forth in paragraph 2.2 of the Complaint.

2.3 ECMC admits the allegations set forth in paragraph 2.3 of the Complaint and further states that ECMC has been substituted for Northwest Education Loan Association pursuant to a transfer of guarantor, and that the loan subject to the transfer may be described as follows:

| Loan type[1]: | Loan Date: | Disbursed Amount: | Lender - Servicer |
|---|---|---|---|
| CONS | 11/13/1998 | $41,387 | Bank of NY ELT SLM Trusts Sallie Mae, Inc. |

2.4 ECMC admits the allegations set forth in paragraph 2.4 of the Complaint.

## III. APPLICABLE LAW

3.1 ECMC admits the allegations set forth in paragraph 3.1 of the Complaint.

## IV. FACTUAL ALLEGATIONS

---

[1] CONS refers to a Consolidation loan. A consolidation loan combines one or more student loans incurred while attending school, into one new loan. ECMC's records at this time indicate that the underlying loans to the subject loan were incurred for the Plaintiff's enrollment at Washington State University.

FIRST AMENDED ANSWER AND
COUNTERCLAIMS OF ECMC - 2
#769683 v1 / 32859-227

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*

**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

4.1     ECMC admits the allegations set forth in paragraph 4.1 of the Complaint as they relate to the Plaintiff having incurred student loans to finance his education, but state that it is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 4.1 of the Complaint and therefore denies the same.

4.2     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.2 of the Complaint and therefore denies the same.

4.3     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.3 of the Complaint and therefore denies the same.

4.4     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.4 of the Complaint and therefore denies the same.

4.5     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.5 of the Complaint and therefore denies the same.

4.6     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.6 of the Complaint and therefore denies the same.

4.7     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.7 of the Complaint and therefore denies the same.

4.8     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.8 of the Complaint and therefore denies the same.

4.9     ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.9 of the Complaint and therefore denies the same.

4.10    ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.10 of the Complaint and therefore denies the same.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

4.11   ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.11 of the Complaint and therefore denies the same.

4.12   ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.12 of the Complaint and therefore denies the same.

4.13   ECMC admits the allegations set forth in paragraph 4.13 of the Complaint.

4.14   ECMC denies the allegations set forth in paragraph 4.14 of the Complaint.

4.15   ECMC admits that the debt owed to it by the Plaintiff is for an educational benefit, overpayments or loans made, insured, or guaranteed by a governmental unit, or make under a program funded in whole or in part by a governmental unit or nonprofit institution, or an obligation to repay funds received as an educational benefit, scholarship, or stipend, as described in 11 U.S.C. § 523(a)(8).

4.16   Answering paragraph 4.16 of the Complaint, ECMC submits that paragraph 4.16 states conclusions of law to which no answer is required. To the extent the Court requires an answer, ECMC denies the allegations set forth in paragraph 4.16 of the Complaint.

4.17   ECMC is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4.17 of the Complaint as it relates to student loan debt that it does not hold, but states that the amount the Plaintiff owes to ECMC on the his defaulted student loan is as follows:

Balance information effective 4/21/2010

| Loan type: | Loan date: | Disbursed amount: | Principal balance: | Interest owing: | Collection costs: | Total owed: |
|---|---|---|---|---|---|---|
| CONS | 11/13/1998 | $41,387.38 | $81,716.11 | $7,332.56 | $21,674.45 | $110,723.12 |

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

4.18   Answering paragraph 4.18 of the Complaint, ECMC submits that paragraph 4.18 states conclusions of law to which no answer is required. To the extent the Court requires an answer, ECMC denies the allegations set forth in paragraph 4.18 of the Complaint.

## V.   PLAINTIFF'S THEORIES OF LIABILITY AND DISCHARGE

5.1   ECMC repeats and realleges its responses to the foregoing paragraphs

5.2   Answering paragraph 5.2 of the Complaint, ECMC submits that paragraph 5.2 states conclusions of law to which no answer is required. To the extent the Court requires an answer, ECMC admits that 11 U.S.C. § 523 (a)(8)(A) speaks for itself, is incorrectly cited, or may be interpreted contrary to Plaintiff's assertions.

5.3   Answering paragraph 5.3 of the Complaint, ECMC submits that paragraph 5.3 states conclusions of law to which no answer is required. To the extent the Court requires an answer, ECMC admits that 11 U.S.C. § 523 (a)(8)(A) speaks for itself, is incorrectly cited, or may be interpreted contrary to Plaintiff's assertions.

5.4   Answering paragraph 5.4 of the Complaint, ECMC submits that paragraph 5.4 states conclusions of law to which no answer is required. To the extent the Court requires an answer, ECMC admits that 11 U.S.C. § 523 (a)(8)(A) speaks for itself, is incorrectly cited, or may be interpreted contrary to Plaintiff's assertions.

5.5   Answering paragraph 5.5 of the Complaint, ECMC submits that paragraph 5.5 states conclusions of law to which no answer is required. To the extent the Court requires an answer, ECMC admits that 11 U.S.C. § 523 (a)(8)(A) speaks for itself, is incorrectly cited, or may be interpreted contrary to Plaintiff's assertions.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

## VI. ECMC'S AFFIRMATIVE DEFENSES

Defendant ECMC, without waiving any allegations previously denied, allege the following affirmative defenses to Plaintiff's Complaint:

1. The Plaintiff does not meet the undue hardship standard under the *Brunner* test. *United Student Aid Funds, Inc. v. Pena*, 155 F.3d 1108 (9th Cir. 1998) (citing *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987)). Specifically, ECMC believes the Plaintiff: (a) cannot prove that he would be unable to maintain a minimal standard of living if forced to repay the student loan obligations; (b) cannot prove additional circumstances exist which would indicate his state of affairs is likely to persist for a significant period of time; and (c) cannot prove a good faith effort to repay the student loan obligations.

2. The Plaintiff's Complaint fails to state with particularity the grounds upon which the student loan obligations should be discharged.

3. The Plaintiff has failed to mitigate his damages.

4. The Plaintiff's Complaint fails to state a claim against ECMC upon which relief can be granted.

5. Defendant ECMC expressly reserves the right to add additional affirmative defenses as appropriate.

6. Plaintiff's underlying bankruptcy discharge should be revoked and denied, precluding him from including his student loans adversary in any such discharge.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# V. ECMC's COUNTERCLAIMS

## FRAUD AND MISREPRESENTATION

1.1 Plaintiff, in filling out his schedules, failed to disclose and therefore concealed his ownership interest in Caspian Grill, of which he is a fifty percent owner. Plaintiff later amended his schedules to include such interest, but underestimated its value, thus failing to disclose and concealing a substantial asset. Such action was done within one year of the filing of his bankruptcy petition.

1.2 Plaintiff, in filling out his amended schedules, failed to disclose and concealed approximately $4,000 in cash he had hidden at his personal residence, thus failing to disclose and therefore concealing a substantial cash asset. Such action was done within one year of the filing of his bankruptcy petition.

1.3 Plaintiff, in filling out his amended schedules, failed to disclose cash income received from Caspian Grill, and which he had direct use of, thus failing to disclose and concealing substantial unaccounted for cash income.

1.4 Plaintiff, in filling out his amended schedules, included a business credit card, representing that it was his personal credit card. The debts owed under this credit card were included in Plaintiff's original discharge.

1.5 In failing to disclose his assets fully, Plaintiff intended to defraud his creditors by depriving them of these assets and making it seem as if he had less assets in relation to his debt.

1.6 In failing to disclose his income fully, Plaintiff intended to defraud his creditors by making it appear he had less of an ability to repay his debt that he actually did and by ensuring he fell below the income threshold for filing a bankruptcy petition.

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

1.7     In failing to disclose that the credit card he listed in his schedules was a business credit card, Plaintiff intended to defraud his creditors by both making it seem as if he had more debt and ridding his business of credit card debt.

1.8     ECMC did not know of all such actions mentioned in paragraphs 1.1 to 1.7 until after the Plaintiff obtained his discharge.

1.9     Such discharge was obtained and proximately caused by the Plaintiff's fraud as it would not have been obtained had he fully and accurately disclosed all assets, income and debt.

1.10    Plaintiff's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(1) and denied pursuant to 11 U.S.C. § 727(a)(2).

1.11    Plaintiff, in the course of running his business, has failed to keep or preserve proper financial and accounting or recorded information, including accounting books, documents, records, and papers, from which the his financial condition or that of his business transactions might be ascertained.

1.12    Plaintiff, in signing his initial and amended schedules, knowingly and fraudulently gave a false oath and account of his assets, income and debts. This false oath and account was made with the intent to defraud his creditors and obtain his discharge as outlined above.

1.13    Plaintiff's discharge should also be denied pursuant to 11 U.S.C. § 727(a)(3) and (4)(A).

## VI.     ECMC'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendant ECMC requests that the court grant the following relief:

1.      That the relief sought by Plaintiff in his Complaint be denied.

FIRST AMENDED ANSWER AND
COUNTERCLAIMS OF ECMC - 8
#769683 v1 / 32859-227

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*

**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

2. That the student loan held by ECMC be found to be nondischargeable in its entirety.

3. That the Court enter judgment in favor of ECMC for the total amount due and owing on the loan it holds, which amount shall be proven at trial or by stipulation of the parties after further investigation.

4. That Plaintiff's discharge be revoked and denied.

5. Any further relief that this Court may deem just and proper.

DATED this 21st day of September, 2010.

_____
Michaelanne Ehrenberg, WSBA #25615
Daniel J. Bugbee, WSBA #42412
Of Karr Tuttle Campbell
Attorneys for Educational Credit Management Corporation

FIRST AMENDED ANSWER AND COUNTERCLAIMS OF ECMC - 9
#769683 v1 / 32859-227

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

# **DECLARATION OF SERVICE**

I, Marti J. Munhall, declare as follows:

I am an employee of Karr Tuttle Campbell. On September 21, 2010, I caused to be served, to the party, and using the method shown below, a true and correct copy of the foregoing ANSWER TO COMPLAINT, to:

| Shahram Gilandoost<br>c/o Christina Latta Henry | Via CM/ECF | chenry@seattledebtlaw.com,<br>tshim@seattledebtlaw.com;<br>ign@seattledebtlaw.com;<br>awong@seattledebtlaw.com;<br>cnightingale@seattledebtlaw.com |
|---|---|---|

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED at Seattle, Washington this 21st day of September, 2010.

_____
Marti J. Munhall

FIRST AMENDED ANSWER AND
COUNTERCLAIMS OF ECMC - 10
#769683 v1 / 32859-227

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**